UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:

Alex Hermosilla,
    Debtor

Chapter 7
Case No. 05-11048-WCH

Fresia Hermosilla,
    Plaintiff
v.

Adversary Proceeding
Case No. 05-1444

Alex Hermosilla,
    Defendant

**Memorandum of Decision Regarding Motion for Summary Judgment**

I. Introduction

    The matter before the Court is the motion for summary judgment of Fresia Hermosilla (the "Plaintiff") on the count which she brought under 11 U.S.C. § 523(a)(6) based upon the fraudulent transfer of property from her ex-husband to her stepson, Alex Hermosilla (the "Debtor"). Because there is no pre-petition debt which the Debtor owes the Plaintiff, I will grant summary judgment for the Debtor. The following constitutes my findings of fact and conclusions of law.

II. Background

    The following facts are undisputed and are taken from the pleadings and affidavits. They reflect that in September, 2002, the Plaintiff filed a complaint for divorce against the Debtor's

1

father. The day after the filing, the Debtor's father transferred title to the marital home located at 108-110 Nahant Street in Lynn, Massachusetts (the "Property") to the Debtor for $1.00. In October, 2002, the Plaintiff filed a complaint against the Debtor and his father to undo the conveyance on the grounds that it violated the Uniform Fraudulent Transfer Act (the "Fraudulent Transfer Action").[1] As a result of that lawsuit, a *lis pendens* was recorded and the court entered an order prohibiting the sale of the Property. By the Fraudulent Transfer Action, the Plaintiff was seeking to impose a constructive trust on the Property.[2]

The Debtor filed for bankruptcy relief under Chapter 7 on February 16, 2005. In Schedule A, he listed ownership of three pieces of real estate including his primary residence, the Property. He listed the current market value as $539,900 and the amount of the secured claim as $300,882. He claimed an exemption in the equity of the Property in Schedule C. He did not list the Plaintiff as a creditor and did not list any of the pending lawsuits in his Statement of Financial Affairs.

The Plaintiff sought to dismiss the bankruptcy case on the grounds that the Debtor had failed to list both her as a creditor and the two lawsuits she had filed against him and to disclose that he did not hold clear title to the Property. The Plaintiff also sought relief from the automatic stay so that she could continue to litigate the Fraudulent Transfer Action. In May, 2005, I entered an order granting her relief from stay. She subsequently withdrew her motion to dismiss the case.

---

[1] The Plaintiff filed the action in the Commonwealth of Massachusetts Trial Court, Probate and Family Court Department, Essex Division. The case is docket no. 02E-0100-GC1.

[2] The Plaintiff also filed a state court action against the Debtor for defamation.

2

In June, 2005, the Debtor filed a motion to amend Schedule F to add the Plaintiff as a creditor holding a claim of an undetermined amount, which motion I granted. Thereafter, the Chapter 7 trustee filed a Notice of Intent to Abandon Real Property Located at 108-110 Nahant Street Lynn, Massachusetts. No objections were filed.

The Plaintiff filed this adversary proceeding on July 21, 2005. Her two lawsuits against the Debtor had not yet gone to trial. The Plaintiff sought an order declaring the debts that would arise from these lawsuits would be nondischargeable under 11 U.S.C. §§ 523(a)(2) or (a)(6).

On March 8, 2006, the state court issued its memorandum of decision in the Fraudulent Transfer Action (the "Decision"). The findings of fact in the Decision reflect that the Debtor and his father purchased the Property in 1999. The Plaintiff and the father occupied the first floor. The Property had additional rental units. In late 2001, they transferred the Property to the father for $1.00. At the same time as the transfer, the father granted a mortgage on the Property to secure a loan for $304,500.[3] The court found that the father "held a 50% interest in [the Property] during the period from 1999 until [the Plaintiff's] filing of a complaint for divorce, at which time Gustavo transferred record title of that 50% interest to the other co-owner, Alex, for no consideration." Decision at 10.[4]

The court went on to find that the Debtor and his father "were equal owners of the equitable interest in [the Property] despite the vicissitudes of title." *Id.* at 12. With respect to the Debtor's participation, the court wrote that the Debtor "knowingly participated in this transfer,

---

[3]It appears that there was an outstanding mortgage of approximately $25,000.

[4]The parties did not provide the Court with a copy of a judgment related to the Decision. They have referred to it as only imposing the constructive trust. Accordingly, it does not appear that in that judgment the state court awarded to the Plaintiff any further relief.

3

and was aware of Gustavo's intent to deprive Fresia of that marital interest. This purported interest transfer from Gustavo to Alex was thus a fraudulent conveyance as to Fresia's likely interest in at least a portion of that property. . ." *Id.*

In October, 2006, the state court issued an order with respect to motions for attorney's fees and costs. The court ordered the Debtor and his father each to pay $25,000 to the Plaintiff's attorney from the sale of the Property and, if the sale proceeds were insufficient, to pay the difference by March, 2007. These fees were awarded "as a result of the substantial increase in the amount of time and corresponding legal fees to litigate this matter because of the failure of the defendants to make reasonable discovery as documented by the master and for fraudulently conveying an interest in [the Property] . . . " *Order on Attorney Cohen's Motion to Withdraw and Cross Motions for Attorney's Fees and Costs,* at 1-2.

Also in October, 2006, the Property was sold and the proceeds were turned over to the state court appointed master to be held in escrow. One month later, the Plaintiff moved in state court to have released to her a portion of the money in that account attributable to the Debtor. *Fresia Hermosilla's Motion for Clarification*, Docket No. 194, Case No. 05-11048-WCH. The Debtor filed an objection to her request on the grounds that the order granting relief from the automatic stay did not permit the Plaintiff to collect any monies from the Debtor especially when the monies are the proceeds of his homestead exemption and the debt was subject to this adversary proceeding. *Id.*

In January, 2007, the Plaintiff moved for clarification of the the order granting relief from stay. *Id.* I overruled the objection and granted the motion. *Id.* at Docket No. 211. In the order, I ruled that I have no jurisdiction over the division of the proceeds of the sale of the Property and

4

that the state court is authorized to decide that division.

The Plaintiff has filed a motion for summary judgment in this action.[5] As grounds, the Plaintiff contends that the Debtor is estopped from interposing any defense given the findings in the Decision. The Plaintiff argues that the findings and conclusions are sufficient to establish that the Debtor's actions were willful and malicious and that the $25,000 debt for attorney's fees is nondischargeable.

In support, the Plaintiff contends that under Massachusetts law a finding of liability for a fraudulent conveyance indicates that the court has found that the purchaser participated in the fraud. Further, she argues that bankruptcy courts have held that fraudulent conveyances are nondischargeable debts citing *Gentry v. Kovler (In re Kovler)*, 249 B.R. 238 (S.D.N.Y. 2000), *supplemented*, 253 B.R 593, *corrected*, 329 B.R. 17. At the hearing on the summary judgment motion, the Plaintiff's counsel explained that she was only pursuing the nondischargeability claim with respect to the Fraudulent Transfer Action and not with respect to the defamation lawsuit.[6]

The Debtor responds that the Plaintiff cannot establish that any action of his caused her injury which has resulted in a nondischargeable debt. Any injury to the Plaintiff as a result of the fraudulent transfer, he argues, has been rectified by the judgment in the Fraudulent Transfer

---

[5]The Plaintiff has moved for summary judgment without supporting affidavits. She attached to the motion the Decision and the Order on Attorney Cohen's Motion to Withdraw and Cross Motions for Attorney's Fees and Costs.

[6]The Plaintiff agreed to the dismiss that portion of the complaint that sought relief based upon the alleged defamation. Also at the hearing on the summary judgment motion, the parties agreed that the Debtor's two outstanding motions to dismiss were moot as was the Plaintiff's motion for default.

5

Action. The Plaintiff explains that she is continuing to pursue this action so that she can obtain some or all of the Debtor's proceeds from the sale of the Property. I took the matter under advisement.

In his post-hearing brief, the Debtor explains that he is cross-moving for summary judgment.[7] With respect to the Fraudulent Transfer Action, the Debtor argues that the outcome of the case was to impose a constructive trust on half of the Property and left no debt owing from the Debtor to the Plaintiff. Notwithstanding this argument, the Debtor goes on to argue that the judgment in the Fraudulent Transfer Action must be dischargeable because the findings regarding the Debtor did not to rise to the level of willful and malicious. The Debtor acknowledges that the discovery sanction was not related to the transfer but also argues that if the "underlying debt" is dischargeable, so is the sanction. He does not explain what constitutes the underlying debt.

III. Analysis

    A. Standard Regarding Motion for Summary Judgment

Summary judgment should only be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056 (incorporating Fed. R. Civ. P. 56(c)). The burden of proof is upon the moving party in the first instance. *In re Wang Laboratories, Inc.*, 155 B.R. 289, 290 (Bankr. D. Mass. 1993). To defeat the motion, the opposing party must produce substantial evidence of a genuine dispute as to a material fact. *Darr v. Muratore,* 8 F.3d 854,

---

[7] A portion of his brief was devoted to the defamation count which count the Plaintiff dismissed at the hearing on her motion for summary judgment. The Debtor did not attach supporting affidavits.

6

859 (1st Cir. 1993); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir. 1975), *cert. denied*, 425 U.S. 904 (1976). A material fact is one which has the "potential to affect the outcome of the suit under applicable law." *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 703 (1st Cir. 1993). A party defending a claim may move for summary judgment at any time. Fed. R. Bankr. P. 7056, incorporating Fed. R. Civ. P. 56(b).

B. 11 U.S.C. § 523(a)(6)

The Plaintiff's surviving count against the Debtor is based upon 11 U.S.C.§ 523(a)(6). That statute provides that debts based upon the "willful and malicious injury by the debtor to another entity or to the property of another entity" are not dischargeable.

As a result of the judgment in the Fraudulent Transfer Action, 50% of the proceeds of the sale of the Property is being held in escrow pending a determination of the former spouses' interests in that portion of the proceeds. No one disputes that the proceeds of the sale of the Property are not property of the estate. The Plaintiff and the Debtor have not identified any residual claim that the Plaintiff holds against the Debtor as a result of the Decision and corresponding judgment. Therefore, the Debtor is correct that there is no debt from that judgment for which I can make a dischargeability determination.

Subsequent to issuing the Decision in the Fraudulent Transfer Action, the state court issued an order requiring the Debtor to pay to the Plaintiff $25,000 "because of the failure of the defendants to make reasonable discovery as documented by the master and for fraudulently conveying an interest in [the Property] . . . " *Order on Attorney Cohen's Motion to Withdraw and Cross Motions for Attorney's Fees and Costs*, p. 1-2. The Plaintiff contends that this order is sufficient for me to apply collateral estoppel or res judicata to the dischargeability of this debt.

7

The Debtor inexplicably contends that if the underlying action is dischargeable then this debt likewise must be dischargeable.

Under 11 U.S.C. § 727(b), "a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief . . . " The Debtor's present debt to the Plaintiff for $25,000 arose after the Debtor filed his petition and was issued based upon events that occurred after the petition date. Indeed, the Debtor agrees that this sanction is not related to the transfer. As such, it is a post-petition debt unaffected by the discharge rather than a pre-petition debt which would be subject to the discharge. *In re Cleveland*, 349 B.R. 522, 528-9 (Bankr. E.D. Tenn. 2006) (reviewing the tests applied to determine whether a claim existed pre-petition); *In re Marshall*, 302 B.R. 711, 715-6 (Bankr. D. Kan. 2003) (same). Because there are no outstanding pre-petition debts which the Debtor owes to the Plaintiff, the Plaintiff cannot prevail on her complaint.

IV. Conclusion

For the reasons set forth herein, I will grant summary judgment for the Debtor.[8]

*William C. Hillman*

William C. Hillman
U.S. Bankruptcy Judge

Dated: April 19, 2007

---

[8] The Debtor cross-moved for summary judgment in his post-hearing brief to which the Plaintiff did not respond. Ruling on a cross-motion filed at such a late stage is appropriate in this case as the parties had ample opportunity to brief these issues, neither side has been inclined to provide affidavits, there are no issues of fact in dispute, the Plaintiff is not prejudiced by the ruling and under the facts and circumstances of this case, a *sua sponte* grant of summary judgment would have been appropriate. *See, e.g. U.S. v. Hoyts Cinemas Corp.*, 380 F.3d 558, 569 (1st Cir. 2004).

8